UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON DREYER,

    Plaintiff,

v.                    Case Number 05-10285-BC
                     Honorable Thomas L. Ludington

EXEL INDUSTRIES, INC.; KREMLIN, INC.;
KREMLIN-REXSON S.A.; EXEL NORTH
AMERICA, INC.; EXEL INDUSTRIAL, INC.,

    Defendants.
_____/

## **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO STRIKE AN AFFIRMATIVE DEFENSE AND CANCELLING HEARING**

Plaintiff Jason Dreyer alleges that he sustained injuries due to the defective manufacture, design, and installation of paint sprayers on April 14, 2003. Plaintiff sued, making claims of negligence and breach of warranty against five defendants: Exel Industries, Inc.;[1] Kremlin-Rexson, S.A.; Kremlin, Inc.; Exel Industrial, Inc.; and Exel North America, Inc.[2] The first two defendants are French companies, and the remaining three defendants are American corporations. Currently before the Court is Plaintiff's motion to strike the affirmative defense of the insufficiency of service of process on Defendant Kremlin-Rexson, S.A., relying on Federal Rule of Civil Procedure 4(f) & (h) and on the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil Or Commercial Matters (Hague Convention), 20 U.S.T. 361.

---

[1] As noted in its appearance papers, Defendant Exel Industries, Inc. is properly referred to as Exel Industries, S.A. *See* [dkt #35].

[2] Plaintiff relies on its opponents' representations that Kremlin, Inc. became Exel Industrial, Inc. in 2003 and then became Exel North America, Inc., in June 2005.

On February 5, 2007, in response to the parties' stipulation to extend discovery, the Court ordered Plaintiff to provide a supplemental filing regarding the status of service of process on the defendants and to inform the Court of the identity of the manufacturer of the allegedly defective product. On February 12, 2007, Plaintiff responded with a motion to declare proper service on and to enter default as to Defendant Kremlin-Rexson, S.A.

On March 2, 2007, an attorney entered an appearance on behalf of Defendant Exel Industries, S.A. On March 6, 2007, a few days before the scheduled hearing on that motion, the same attorney entered an appearance for Defendant Kremlin-Rexson, S.A. On that same date, Defendant Kremlin-Rexson, S.A. answered the complaint and included an affirmative defense of insufficient service of process. Also on that same date, the Court denied Plaintiff's motion for default as moot, citing Defendant Kremlin-Rexson, S.A.'s appearance.

On March 16, 2007, Plaintiff filed an amended complaint. On March 22, 2007, the American defendants answered the amended complaint and filed affirmative defenses. On April 10, 2007, Plaintiff filed the instant motion to strike Defendant Kremlin-Rexson, S.A.'s affirmative defense of insufficiency of service of process. On May 4, 2007, Defendant Exel Industries, S.A. filed its answer and affirmative defenses. On May 7, 2007, Defendant Kremlin-Rexson, S.A. filed its answer to the amended complaint with affirmative defenses and reiterated its defense of insufficient service of process.

Plaintiff represents that he complied with the Hague Convention for service of process on Defendants Exel Industries, S.A. and Kremlin-Rexson, S.A. He states that he sent copies of the summons and complaint on November 9, 2005 in English, translated into French, to the Central Authority in France for service of Defendant Exel Industries, S.A. and of Defendant Kremlin-

Rexson, S.A. On January 13, 2006, the Court received an acknowledgment of the receipt of the request for service on those two defendants. On March 2, 2006,[3] Marie-Pierre du Cray-Siriex accepted service for Defendant Exel Industries, S.A.

Plaintiff relies on the representation of counsel for Defendants Kremlin, Inc., Exel Industrial, Inc., and Exel Noth America, Inc. (1) that Kremlin, S.A. became Kremlin-Rexson, S.A. in 2003; (2) that the contact person for those entities is Marie-Pierre du Cray-Sirieix; and (3) that (as of June 2005) Defendant Kremlin-Rexson, S.A. owned 60% of Exel North America, Inc. Plaintiff recounts that attorney Bruce Manos sent a letter to Plaintiff stating that he was representing Kremlin-Rexson, S.A. on July 11, 2006, that discussed a deadline for a responsive pleading of August 4, 2006. Plaintiff maintains that he sent an e-mail to du Cray-Siriex with the complaint and summons on September 20, 2006 and a letter with the same (also communicating an intent to seek default) on September 21, 2006.

Kremlin-Rexson, S.A. is 99.37% owned by Exel Industries, S.A., according to an unidentified document attached within Plaintiff's exhibit J of the instant motion. According to Exel Industries, S.A.'s website, Kremlin-Rexson, S.A. is a wholly owned subsidiary of Exel Industries, S.A. and Kremlin, Inc. is a wholly owned subsidiary of Kremlin, S.A. According to a May 2005 press release, Exel Industries, S.A. is the parent company of Exel North America, Inc. Plaintiff asserts that Defendant Kremlin-Rexson, S.A. has received notice through its parent company, Defendant Exel Industrial, S.A.; through its American subsidiaries, the remaining three defendants; and through du Cray-Siriex, who signed for service, as well as having actual notice through attorney

---

[3]Plaintiff asserts that this date is February 3, 2006, but a closer reading of the return of service suggests that the date is March 2, 2006.

Manos.

The Court has reviewed the parties' submissions and concludes that further oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2).

Under Federal Rule of Civil Procedure 4(f)(1), a plaintiff may serve an individual in a foreign country via the Hague Convention. Under Federal Rule of Civil Procedure 4(h)(2), service on a foreign corporation may follow that same method. Under the Hague Convention, a participating nation must designate a "Central Authority" to receive requests for service according to its own internal law. 20 U.S.T. 361, art. 2. *See generally Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698-701 (1988).

The requesting judicial authority shall forward duplicate copies of the documents to the Central Authority, which must "promptly" inform the applicant if the request does not comply with the Convention. *Id*. at arts. 3, 4. Under Article 5, the Central Authority must serve the document itself or arrange for appropriate service according to its internal law or according. Also, an entity may receive service through a mode it has accepted voluntarily. *Id*. at art. 5. The Central Authority must then complete a certificate stating either that the document was served, along with the method, place, and date of service and the person to whom the document was delivered, or that the document was not served and the reasons that prevented service. *Id*. at art. 6. The Hague Convention does not set a limit on time for service and return of service by the Central Authority, though other methods of service may be used if the Central Authority does not respond within six months. 4B Wright and Miller's Federal Practice and Procedure 3d § 1136 (2002).

In the event that a document is to be served under the Hague Convention and a defendant has not appeared in a proceeding, the Hague Convention will permit a judgment against the defendant only if the document was served by a method permitted by the internal law of the country or if the document was actually delivered to the defendant or his residence by another method permitted under the Hague Convention. 20 U.S.T. 361, art. 15. Additionally, the defendant must have sufficient time to defend. *Id.* The Hague Convention further provides in that same article:

> Each contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled --
> (a) the document was transmitted by one of the methods provided for in this Convention,
> (b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
> (c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

*Id.* at art. 15.

Finally, a party may "serve process on a foreign corporation by effecting service on a domestic subsidiary of the foreign corporation." 4B Wright and Miller's Federal Practice and Procedure 3d § 1134 (2006). To apply, the serving party must demonstrate an agency relationship between the corporations through ownership and by showing that the subsidiary performs all the functions that the parent company would perform if present. *Id.* Alternatively, the serving party could also show that the domestic company is a department of the foreign corporation, considering such factors as common ownership, financial dependency, and the parent company's control over the subsidiary's executives and marketing operations. *Id.* In *Darden v. DaimlerChrysler No. America Holding Corp.*, 191 F.Supp.2d 382, 387-388 (S.D. N.Y. 2002), the district court reviewed

these factors and concluded that conclusory statements about the relationship between a foreign and domestic business did not provide the specificity to determine the existence of an agency or department relationship.

Here, Plaintiff has complied with the Hague Convention by requesting service through the Central Authority in France. That the Central Authority in France has not yet responded – despite the lapse of over a year since Plaintiff's request – is not legally dispositive of whether service was effective. The Central Authority is obligated to provide a certificate detailing the success or failure of service, but the absence of that certificate does not demonstrate any fact, particularly without any deadline under the Hague Convention for providing that certificate. Although Plaintiff has offered its proof of receipt by the French Central Authority, the Ministere de la Justice, Plaintiff has not shown that he has availed himself of any other means of service, as permitted under the Convention after six months. Plaintiff has not demonstrated that he has made "every reasonable effort" to obtain service through means also legally available in France. *See* 20 U.S.T. 361, art. 15.

Additionally, Plaintiff does not establish his entitlement to the subsidiary exception to the Hague Convention. Plaintiff has realized service on the American defendants, which, relying on the statement of opposing counsel, are successor corporations and 60% owned by Defendant Kremlin-Rexson, S.A. Plaintiff has also offered a photocopy of what appears to be an index of foreign corporations, which states that Defendant Exel Industries, S.A. has 99.37% ownership interest in Defendant Kremlin-Rexson, S.A. This photocopy provides no date or other source information. Plaintiff's argument seeks to impute the notice of a parent corporation and of subsidiary corporations to Defendant Kremlin-Rexson, S.A. But Plaintiff's fragmentary data does not establish an agency relationship, financial dependency, or parent company control. More importantly, Plaintiff has

offered no legal authority to show that the subsidiary exception to the Hague Convention applies not only to reach foreign companies through their domestic corporations, but extends to include a foreign subsidiary through its foreign parent company. An assertion of American judicial authority through this channel implicates the imperative to defer to a sovereign nation, a central aim of the Hague Convention. Consequently, the subsidiary exception should be limited to the parameters expressed in *Darden*, i.e., permitting service through domestic subsidiary companies to their foreign parent companies; the subsdidiary exception does not extend further. Without more information about the relationship between Defendant Kremlin-Rexson, S.A. and the American defendants, Plaintiff has not demonstrated that he meets the subsidiary exception to the Hague Convention.

Accordingly, Plaintiff has not yet successfully served Defendant Kremlin-Rexson, S.A. under the Hague Convention. Absent a stronger showing that Defendant Kremlin-Rexson, S.A. cannot employ a defense of insufficient service of process, the Court will deny Plaintiff's motion to strike under Federal Rule of Civil Procedure 12(f). *See also* 4 Wright and Miller's Federal Practice and Procedure 3d § 1381 (2002) ("[F]ederal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike . . . ."). The denial is without prejudice to Plaintiff renewing his motion, if the facts so warrant, based on his continued efforts at service of process.

Finally, notwithstanding the Court's previous order that Plaintiff's motion to default Defendant Kremlin-Rexson, S.A. based on allegedly proper service was moot (based on an appearance by Defendant Kremlin-Rexson, S.A.), an appearance does not necessarily result in a waiver of defenses. "Because the [Federal Rules of Civil Procedure] no longer require a special appearance . . . , making a general appearance does not alone constitute a waiver [of a defense of insufficient service of process]." 2 Moore's Federal Practice 3d § 12.33[2] (2006); *see also Leach*

*v. BB&T Corp.*, 232 F.R.D. 545, 551 (N.D. W.Va. 2005) ("[A] party does not waive his right to service of process whenever an attorney appears on his behalf . . . ."). Indeed, on the same day that Defendant Kremlin-Rexson, S.A. filed an appearance, it also filed an answer that included insufficient service of process as a defense. Under Federal Rule of Civil Procedure 12(h), this defense must be made in the first responsive pleading or motion, else a defendant waives it. Including it with other defenses does not constitute a waiver. Fed. R. Civ. P. 12(b). Thus, Defendant Kremlin-Rexson, S.A.'s appearance did not waive any objection it might raise based on insufficient service of process.

Accordingly, it is **ORDERED** that Plaintiff's motion to strike the affirmative defense of insufficiency of service of process on Defendant Kremlin-Rexson, S.A. [dkt #44] is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that the hearing scheduled for June 1, 2007 at 2:30 p.m. is **CANCELLED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 31, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS